Jaffrey/Peterborough District Court
No. 2003-427

### THE STATE OF NEW HAMPSHIRE

v.

### FRANK SIMONE

Argued: July 14, 2004
Opinion Issued: August 27, 2004

*Kelly A. Ayotte*, attorney general (*James D. Rosenberg*, assistant attorney general, on the brief, and *Charles Keefe*, attorney, orally), for the State.

*Landya McCafferty*, assistant appellate defender, of Dover, on the brief, and *Christopher M. Johnson*, chief appellate defender, of Concord, orally, for the defendant.

NADEAU, J. The defendant, Frank Simone, appeals his convictions of misdemeanor stalking following a bench trial in the Jaffrey/Peterborough District Court (*Runyon*, J.). *See* RSA 633:3-a, I(c) (Supp. 2003). We reverse.

From January through April 2001, Coral Olson, a field representative of the United States Bureau of the Census, had contact with the defendant in her official capacity. On October 23, 2001, alleging that the defendant had been making unwanted telephone calls to her for several months after the termination of her official contact, Olson filed a *pro se, ex parte* petition for a restraining order against him in the Hillsborough County Superior Court. The Superior Court (*Groff*, J.) granted a temporary restraining order on that day, and on November 1, 2001, issued a final restraining order stating: "Frank Simone is hereby enjoined, restrained and prohibited from contacting or communicating with Coral Olson, or her family, either in person, or indirectly through third persons, by telephone, in writing, by e-mail, or any other means of communication." The order

also noted that "[t]he Court finds that unless the restraining order is granted, the plaintiff will suffer irreparable harm, and has no adequate remedy at law."

On December 31, 2001, Olson received a telephone call from the defendant, in which he said, "Happy New Year." On February 22, 2002, he contacted Olson again, and on June 3, Olson received another telephone call from the defendant, during which the defendant said "I love you" several times. After each call, Olson would disconnect and call the Temple Police. The defendant also contacted Carl Olson, Olson's husband, through computer "instant message" communications. Following these incidents, the Temple Police obtained an arrest warrant for the defendant, which they executed on July 8. That same day, the Temple Police filed two stalking complaints against the defendant, pursuant to RSA 633:3-a, I(c), in the district court. On July 16, Olson received two more telephone calls from the defendant. Immediately following these calls, two additional stalking complaints were filed in the district court.

At trial, the defendant objected to the stalking complaints brought against him. He argued that the restraining order was issued by the superior court under the court's equitable jurisdiction, rather than under one of the four provisions enumerated in RSA 633:3-a, I(c). In moving for dismissal, he argued that there was, therefore, no basis for the stalking complaints against him and contended that the proper remedy for violation of the final restraining order would be a finding of contempt of court. The State argued that the order was a "stalking order," and thereby was a proper basis for conviction.

The district court denied the motion to dismiss, ruling that the restraining order was a "stalking order" issued pursuant to RSA 633:3-a, III-a, and found the defendant guilty on all four stalking counts. The court also denied the defendant's subsequent motion to reconsider, ruling that the statute "is satisfied by any protective order issued as a result of a 'civil petition' in the superior court, whether RSA 633:3-a is specifically referenced or whether the order is issued under the superior court's general jurisdiction."

On appeal, the defendant argues that the final restraining order was not issued pursuant to one of the four provisions specifically enumerated in RSA 633:3-a, I(c). Therefore, he argues, the trial court erred in denying his motion to dismiss because an element of the crime of stalking, namely, the violation of an order issued pursuant to RSA 633:3-a, was not satisfied in this case. The defendant also argues that, because the order failed to provide him with notice that a violation could subject him to a criminal stalking charge, the State's prosecution of the four stalking complaints violated his rights to due process under the New Hampshire and United

States Constitutions. In arguing that the restraining order against the defendant was a "stalking order," the State relies upon RSA 633:3-a, III-a, which governs the granting of protective orders pursuant to the stalking statute.

Because this appeal presents both a question of law and a mixed question of law and fact, our standard of review is *de novo*. *See State v. Sprague*, 146 N.H. 334, 336 (2001). On questions of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *State v. Foss*, 148 N.H. 209, 211 (2002). Our task is to construe Criminal Code provisions according to the fair import of their terms and to promote justice. *State v. Hull*, 149 N.H. 706, 709 (2003).

In doing so, we first look to the plain language of the statute to determine legislative intent. *Id.* The stalking statute, RSA 633:3-a, I, provides that a person commits the offense of stalking if such person:

> (c) After being served with, or otherwise provided notice of, a protective order pursuant to RSA 173-B, RSA 458:16, or paragraph III-a of this section, or an order pursuant to RSA 597:2 that prohibits contact with a specific individual, purposely, knowingly, or recklessly engages in a single act of conduct that both violates the provisions of the order and is listed in paragraph II(a).

RSA 633:3-a, I(c).

Normally, the expression of one thing in a statute implies the exclusion of another. *St. Joseph Hosp. of Nashua v. Rizzo*, 141 N.H. 9, 11-12 (1996). In construing a statute, we will neither consider what the legislature might have said nor add words that it did not see fit to include. *Monahan-Fortin Properties v. Town of Hudson*, 148 N.H. 769, 771 (2002). Unless there is evidence to the contrary, statutory itemization indicates that the legislature intended the list to be exclusive. *Silva v. Botsch*, 120 N.H. 600, 602 (1980).

■ Proper statutory interpretation therefore requires that we presume that the legislature, by enumerating the types of protective orders that provide the basis for a stalking charge, and conviction if violated, excluded all other types of protective orders from the purview of the stalking statute. The State has not presented any evidence that the legislature intended otherwise, and we will not add words that the legislature did not see fit to include in the statute. Therefore, we hold that, in order for a violation of a protective order to serve as the basis for a stalking conviction

under RSA 633:3-a, I(c), the order must indicate it is issued pursuant to one of the four enumerated provisions of the statute.

The State contends that the final restraining order of the superior court was issued pursuant to RSA 633:3-a, III-a. We disagree. In this case, the superior court issued a restraining order that explicitly noted that Olson had "no adequate remedy at law." Implicit in this finding is the notion that she had *no* remedy under RSA 633:3-a. The superior court is a court of general jurisdiction and has authority to entertain actions in equity when there is no adequate remedy at law. *Woodstock Soapstone Co. v. Carleton*, 133 N.H. 809, 816 (1991); *see* RSA 498:1 (1997). Thus, we conclude that the final restraining order was one issued under the superior court's equitable powers.

The defendant also argues that the State's prosecution of the stalking complaints against him violated his due process rights, as the restraining order of the superior court failed to provide notice of potential criminal liability under the stalking statute arising from a violation of the order. Because we reverse on the grounds that the final restraining order was not issued pursuant to one of the four provisions specifically enumerated in RSA 633:3-a, I(c), we need not address the defendant's constitutional due process argument.

*Reversed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.