Hillsborough-northern judicial district
No. 2004-449

PAUL BROUGHTON

v.

DENNIS PROULX

Argued: May 11, 2005
Opinion Issued: August 18, 2005

*Kazan & Shaughnessy, PLLC*, of Manchester (*Brian C. Shaughnessy* on the brief and orally), for the plaintiff.

*Wiggin & Nourie, P.A.*, of Manchester (*Gary M. Burt* and *Gail E. Bakis* on the brief, and *Mr. Burt* orally), for the defendant.

BRODERICK, C.J. The defendant, Dennis Proulx, appeals from a jury verdict in the Superior Court (*Abramson*, J.) awarding the plaintiff, Paul Broughton, $100,000 in damages. He contends that the trial court erred: (1) by failing to sustain his objection to, and instruct the jury to disregard, comments made by opposing counsel during his opening statement; (2) by instructing the jury on the applicability of a City Code; and (3) in its instruction to the jury on the issue of comparative fault. We affirm.

## I

The jury could have found the following facts. The defendant owned a twenty-seven unit apartment building in Manchester, where the plaintiff lived. On December 9, 2001, at approximately 10:15 p.m., the plaintiff left his apartment to go to work. After descending a set of exterior stairs, he stepped onto an adjacent sidewalk and slipped and fell on a patch of black ice. As a result of his fall, he sustained multiple fractures to his left arm, requiring surgery. He missed approximately eight weeks of work. The jury found that the defendant was negligent and that his negligence was the sole cause of the accident. The plaintiff was awarded $100,000 in damages. This appeal followed.

## II

The defendant first argues that the trial court erred in failing to sustain his objection to comments made by plaintiff's counsel during his opening statement, and in failing to instruct the jury to disregard them. According to the defendant, the comments were "improper, irrelevant, and highly prejudicial."

During the plaintiff's opening statement, the following exchange occurred:

> [Plaintiff's counsel:] As the Judge indicated last week, this [trial] is only expected to last two days and, in fact, [the Judge] complimented [defense counsel] and [me]. She said it would only take two days because we are experienced and good trial counsel. So thank you for that compliment. *And while it's true [that defense counsel] has tried probably a hundred of these types of cases before—he's a partner in a large Manchester firm—*and I've tried my fair share—

> [Defense counsel:] Your Honor, though I appreciate the compliment, I don't think it's a proper opening statement. I object.

> [Judge:] All right. I agree, but I'll allow it just for background. Go ahead, [plaintiff's counsel].

(Emphasis added.) Following the judge's ruling, plaintiff's counsel completed his opening statement, and the defendant raised no further objection and did not ask the trial court to instruct the jury to disregard the offending comments.

The defendant asserts that at the time of trial, he was a successful businessman who owned multiple apartment buildings, and also owned and

operated a property management company. By contrast, he characterizes the plaintiff as an "unmarried, blue-collar worker, with no family or close friends." He argues that the offending comments by plaintiff's counsel "only served to enhance [the] possibility" that the jury was biased toward him on the basis of the parties' divergent backgrounds. He maintains that the trial court's failure to instruct the jury as to how it should consider the so-called "background" information "[left] the jury to draw the only inference it could from those statements: [that] the defendant was wealthy, and could afford an expensive 'big firm' lawyer." For his part, the plaintiff contends that these issues were not preserved for appeal. We agree.

■ It is well established that a party must make a specific and contemporaneous objection during trial to preserve an issue for appellate review. This requirement affords the trial court an opportunity to correct any error it may have made and is grounded in common sense and judicial economy. *T&M Assocs. v. Goodrich*, 150 N.H. 161, 163 (2003). Here, the trial court was not afforded an opportunity to correct the error the defendant now claims it made with respect to certain comments by plaintiff's counsel. Although defense counsel objected, he did so only on the basis that he did not think that opposing counsel was making "a proper opening statement." The defendant's current contention—that the comments enhanced the possibility of jury bias based upon the parties' divergent backgrounds—was never presented to the trial court for its consideration. It is not enough to simply assert that some portion of an opening statement is not proper and save for appeal the specific nature of the claimed impropriety. Moreover, when the trial court responded to counsel's objection by stating that it agreed, but would allow the comments "just for background," no request was made for a curative instruction and no further objection was advanced. *Cf. State v. Dowdle*, 148 N.H. 345, 347-48 (2002) (issue preserved for review where defendant requested curative instruction). Accordingly, we decline to consider the merits of the defendant's arguments because they were not preserved.

III

The defendant also argues that, after taking judicial notice of a provision of the Manchester City Code (the ordinance), the trial court erroneously instructed the jury on it. We disagree.

After the close of evidence, but before closing arguments and jury instructions, the plaintiff requested the trial court to take judicial notice of a city ordinance relating to a landlord's duty to maintain sidewalks. The ordinance had not been pled and the plaintiff had not offered any evidence at trial demonstrating that the ordinance was in effect at the time of his

accident or that it was applicable to the site where the accident occurred. Over the defendant's objection, the trial court, following a recess, took judicial notice of the ordinance and subsequently instructed the jury about it, as follows:

> You should also consider whether the defendant violated any obligation under an ordinance. If you find that the defendant, by some act or failure to act, violated provisions of an ordinance, and if you find that the violation caused or contributed to cause plaintiff's injuries, this would amount to legal fault. The following is the ordinance relevant to this case. "It shall be the duty of the owner of any structure or part thereof let for occupancy as a dwelling unit to maintain all sidewalks, walkways, steps and driveways in a safe condition and free of snow, ice and other debris, hazards or obstructions."

The defendant concedes that trial courts are authorized to take judicial notice of municipal ordinances. Both the common law and New Hampshire Rule of Evidence 201 support the trial court's right to do so. *State v. Duranleau*, 99 N.H. 30, 32 (1954); N.H. R. Ev. 201. The defendant, however, argues that it was error for the trial court to do so in this case because he had no notice that the plaintiff would be relying upon the ordinance and thus was prejudiced by not being able to defend against it. In sum, he asserts he was not able to properly prepare his case and advance relevant defenses. He also claims that he was prejudiced because the jury was not charged on any defenses he had to the plaintiff's claim of liability under the ordinance. Finally, the defendant asserts that the trial court's instruction misled the jury to believe that he was responsible for the accident even if the plaintiff's fall occurred on a public sidewalk. Specifically, the defendant argues that the trial court failed to insert the word "private" before the word "sidewalks" in its instructions to clarify that he could not be held liable for failing to maintain a city sidewalk.

We review the defendant's arguments in turn. We do not have to decide whether the plaintiff was required to plead or otherwise disclose prior to trial his reliance upon the ordinance to advance his negligence claim against the defendant because the defendant has not demonstrated on the record before us that he suffered any prejudice from lack of notice.

The record reveals that the defendant raised the issue of whether the sidewalk where the plaintiff fell was owned by the City of Manchester. During his opening statement, defense counsel remarked, "Now, [the defendant] owns that big building, but he doesn't own the city sidewalks. And he will tell you that his property line ends at the sidewalk and, basically, as the sidewalk runs all up Laval Street, he doesn't own that

either." Subsequently, during his cross-examination of the plaintiff, defense counsel asked a series of questions designed to elicit an admission from the plaintiff that the slip and fall occurred on the public sidewalk, not on the defendant's private property. Later, during his closing argument, defense counsel stated, in relevant part:

> Now, at 10 o'clock at night on a Sunday evening, you can't expect a landlord to be out there saying, "Oh, it's now 32 degrees. I'm going to throw out some salt and sand." It just doesn't happen that way. If that's the law as you find it, then you're requiring [the defendant] to guarantee that no one could be injured on his property. And that's not the law. The Judge is gonna tell you that he's not the guarantor for the safety of others on the property. He's just not, and he can't be. Finally, the Judge is gonna talk a little bit about a Housing Code ordinance that says, "Landlords must try and maintain their property and keep them reasonably safe from ice and snow and remove the like [phonetic]." And that's true. You know, that's—again, that's where lawyers get involved. There's a Manchester House Code ordinance that says you have to treat ice and snow. Well, that's true. And we tried to maintain and treat the ice and snow. We told them what we did. But we can't guarantee someone's safety. It's absolutely impossible for us to do that. There's no way we can do that. So, it's for you to determine based upon all of this evidence, whether [the defendant] failed to exercise reasonable care or whether this was simply an accident, as unfortunate as it may have been, but an accident.

The record at trial demonstrates that defense counsel ably defended the plaintiff's claim of negligence both on the basis that the accident occurred on a public sidewalk for which he was not responsible and that it would be unreasonable and impossible for a landlord to clear ice and snow from his property at all times under all conditions. The defendant also contended from the outset of the trial that the plaintiff was comparatively negligent. There is no support in the record that the defendant's lack of prior notice of the plaintiff's intent to rely upon the ordinance to help prove negligence deprived him of his opportunity to prepare his case and present defenses.

The defendant also asserts that the ordinance imposed a negligence *per se* standard upon him while the plaintiff's common law negligence claim was governed by the "reasonable person" standard. Because he did not receive prior notice of the plaintiff's intent to rely upon the ordinance at trial, the defendant argues that he was prejudiced by not being able to

present defenses applicable to negligence *per se*. The record does not support the defendant's claim of prejudice.

The defendant's defense to a claim based upon the ordinance would have been no different than his defense to the common law negligence claim. At trial, the defendant relied upon two propositions: (1) the law does not require that a landlord guarantee the safety of others on his property; and (2) it is impossible for a landlord to guarantee that ice and snow can be cleared from his property at all hours and under all conditions. Had the jury believed the defendant that it was either unreasonable to expect that he should have cleared the ice and snow before the plaintiff's fall or that conditions existed that would have made it impossible for him to do so, it could not have found him liable either under common law negligence principles or the ordinance.

The defendant also argues that he was prejudiced by lack of prior notice of the ordinance because the jury was not instructed on any defenses he had to the plaintiff's claim of liability under the ordinance. The defendant did not raise this argument before the trial court, however, and, therefore, it is not preserved for our review. *See In re Estate of Cass*, 143 N.H. 57, 63 (1998). The defendant never argued that he did not have time to prepare relevant jury instructions nor did he contend that the jury needed additional instructions about a new theory of liability based upon the ordinance. We will not address these issues for the first time on appeal.

Finally, the defendant asserts that the trial court's jury instructions on the ordinance were misleading because the trial court did not make clear that the ordinance only applied to private property and not public sidewalks. We conclude that the defendant waived this argument.

After the plaintiff requested that the trial court take judicial notice of the ordinance, and in the context of discussing jury instructions, defense counsel asked whether the court interpreted the ordinance to apply to city sidewalks, or just private sidewalks. The court replied, "Well, the City's got the duty to maintain the city sidewalks." When defense counsel agreed, the court stated, "Then why don't we make it 'private sidewalks'? That's how I interpret it." In instructing the jury, however, the trial court did not insert the word "private" into the ordinance. Following its charge, the court called both attorneys to the bench and asked if they had any objections to the instructions. Defense counsel had none. Additionally, after excusing the jury to begin deliberations, the trial court called both attorneys back into the courtroom to tell them that it had noticed several typographical errors in the jury instructions that it was going to correct before providing written copies of the instructions to the jury. Again, defense counsel raised no objections to the instructions.

■ We conclude that because the defendant had the opportunity to object to the trial court's failure to refer to "private" sidewalks in instructing the jury on the ordinance, but did not, he waived his right to object on appeal. *See UniFirst Corp. v. City of Nashua*, 130 N.H. 11, 13 (1987).

## IV

The defendant next argues that the trial court's instructions to the jury on the issue of comparative fault were "internally inconsistent, misleading, and confusing, and thus entirely inappropriate." We disagree.

■ The purpose of jury instructions is to identify issues of material fact, and to inform the jury of the appropriate legal standards by which it is to resolve them. A jury charge is sufficient as a matter of law if it fairly presents the case to the jury such that no injustice is done to the legal rights of the parties. In a civil case, we review jury instructions in context to determine if the charge, taken in its entirety, fails to explain adequately the law applicable to the case in such a way that the jury could have been misled. *Carignan v. N.H. Int'l Speedway*, 151 N.H. 409, 418 (2004).

In the case before us, the trial court instructed the jury on the issue of comparative fault as follows:

> Now, this case has been tried under the law of comparative fault. Under this law, you may find that the plaintiff's injuries were the result of the legal fault of the defendant, were the result of the legal fault of the plaintiff, or were, to some degree, the legal fault of each of them. If you find that the defendant was legally at fault, you must next consider whether the plaintiff was legally at fault. Under this law, a plaintiff who is more than 50 percent legally at fault for an accident cannot recover damages arising out of [the] accident. To the extent that a plaintiff is 50 percent or less legal[ly] at fault, he can recover damages, but only in proportion to the amount of legal fault attributable to the defendant. On the issue of comparative fault, the burden is on the defendant to prove that the plaintiff was at fault. The plaintiff was required to exercise such care for his own safety as a reasonably prudent person would under the same or similar circumstances and to obey the law. If you find the plaintiff was not at fault, you will return a verdict [against] the defendant and for the plaintiff in the full amount of the resulting damages without reduction. If, however, you find that the plaintiff was at fault, you must determine to what extent the conduct of each party contributed to cause the injuries. Now, the test of

reasonable care, as I told you, is what the ordinary prudent person would do under the same or similar circumstances. It is up to you to decide whether or not the plaintiff exercised reasonable care for his own safety under all of the circumstances. A failure to fulfill this duty of reasonable care would amount to comparative negligence if it was a cause or substantial cause of the accident. If you find that both parties were at fault and the fault of the plaintiff was greater than that of the defendant, the plaintiff will not be allowed to recover, and you will return a verdict in favor of the defendant. If you find that both parties were at fault and that the fault of the defendant was equal to or greater than the fault of the plaintiff, then the plaintiff is entitled to recover, but the Court will reduce the amount of damages by the percentage of [the] plaintiff's fault. Every person has the obligation to exercise due care. No party is entitled to presume that other persons will exercise due care and thereby absolve the party from his own duty of due care towards himself or his own safety. However, if you find that the defendant owed the plaintiff—if you find the defendant owed the plaintiff the duty to maintain reasonable conditions of safety and the plaintiff was entitled to place—*then the plaintiff was entitled to place some reliance on the performance of the duty. How much reliance the plaintiff can place on the defendant's performance of his duty to maintain reasonably safe conditions of safety and what occasion the plaintiff had to take precautions against the chance of danger he encountered are issues of fact for you.*

(Emphasis added.)

The defendant challenges only the emphasized portion of the trial court's charge. Specifically, he argues:

The trial court's instruction advised the jury that it was at liberty to find that the plaintiff could have completely relied on the defendant to keep the property free from ice and snow at all hours, such that the plaintiff would have no duty to exercise due care for his own safety. That is not the law, and to the extent the jury believed it was entitled to make such a finding, it was misled.

He further contends that because the trial court did not instruct the jury that it had to decide whether, under the circumstances, he had breached the duty to maintain his property, the jury was misled into believing that it could not render a verdict in his favor, even if it found that he acted reasonably under the circumstances. Finally, he argues that the trial

court's instructions were internally inconsistent and misleading because the court instructed the jury that: (1) although every person is obligated to exercise due care, no one is entitled to presume that others will do so such that one is absolved from the duty to exercise care for one's own safety; and (2) the plaintiff could rely upon the defendant to discharge his duty of care and that the jury could determine the extent of the plaintiff's reliance, thus implying that any comparative negligence on the plaintiff's behalf was "a non-factor."

At common law, a plaintiff's contributory negligence was a complete bar to the recovery of damages. In an effort to allocate more equitably the responsibility for injuries due to negligent conduct on the part of parties on both sides of a lawsuit, the legislature enacted RSA 507:7-d (1997), the comparative fault statute. Thus, the applicability of the doctrine of comparative fault is triggered by a plaintiff's negligence. *Allen v. Dover Co-Recreational Softball League*, 148 N.H. 407, 412-13 (2002). A plaintiff's negligence involves a breach of the duty to care for oneself. Specifically, a plaintiff's right to rely upon the care of another "does not dispense with the duty to exercise due care for oneself." *Jackson v. Smart*, 89 N.H. 174, 176-77 (1937). The right to rely upon the care of another "is only one of the circumstances in the light of which [the duty to exercise due care for oneself] is to be determined," because "[f]ull reliance may not be placed upon another's care when it is unreasonable to do so." *Id.*

Our review of the trial court's instructions to the jury on the issue of comparative fault reveals that the challenged instruction, although not a model of clarity, is consistent with these principles. We disagree with the defendant's contention that the trial court instructed the jury that the plaintiff was entitled to rely upon the defendant to exercise due care to the exclusion of the plaintiff's duty to exercise reasonable care for his own safety. In the challenged instruction, the trial court specifically stated that the plaintiff was entitled to place "some reliance" upon the defendant's performance of his duty of care to the plaintiff. The unchallenged portion of the instruction, in which the court explained that the plaintiff was obligated to exercise due care for his own safety and that any duty the defendant owed to the plaintiff did not absolve the plaintiff from that duty, illustrates that the trial court was correct in stating that *if* the jury found the defendant owed the plaintiff a duty, the plaintiff was entitled to place *some* reliance upon it. The court clarified that it was for the jury to decide "[h]ow much reliance the plaintiff [could] place on the defendant's performance of his duty to maintain reasonably safe conditions of safety," hearkening back to its earlier, and unchallenged, instruction that it was for

the jury to decide "whether or not the plaintiff exercised reasonable care for his own safety under all of the circumstances."

We also disagree with the defendant's assertion that the trial court did not instruct the jury that it had to decide whether, under the circumstances, he had breached the duty to maintain his property, thus leading the jury to believe that it could not render a verdict in his favor. Prior to instructing the jury on comparative fault, the trial court explained, in relevant part:

> Now, the fact that there was an accident and injuries or damages does not necessarily mean that anyone is legally responsible for the accident or injuries. No liability is imposed merely because an accident occurred without a showing of legal fault on the defendant's part. Now, negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonable [sic] careful person would use under the same or similar circumstances. Negligence may consist of either doing something that a reasonably careful person would not do under the same or similar circumstances or failing to do something that a reasonably careful person would do under the same or similar circumstances. Failure to exercise due care, if you find it caused or substantially contributed to cause the injury or damage suffered by the plaintiff amounts to legal fault. In order to recover for negligence, the plaintiff must prove by a preponderance of the evidence the following three elements: First, that the defendant owed a duty to the plaintiff to exercise reasonable care, to protect the plaintiff from all reasonably foreseeable risks; second, that the defendant breached that duty of reasonable care which he owed to the plaintiff; third, that the defendant's breach of duty to use reasonable care was a legal cause of the injuries sustained by the plaintiff. The test of reasonable care is what the ordinary prudent person would do under like or similar circumstances. It is up to you to decide whether or not the defendant exercised reasonable care under all the circumstances.

This portion of the instructions, which the defendant does not challenge on appeal, clearly allowed the jury to render a verdict in his favor.

Finally, as to the defendant's argument that the challenged portion of the court's instruction was internally inconsistent and misleading, we again disagree. Given the unchallenged, and detailed, instructions by the trial court on the law of comparative fault, we cannot say that the challenged portion of the instructions implied that any comparative negligence on the

part of the plaintiff was "a non-factor." Accordingly, we find no error in the trial court's instructions.

*Affirmed.*

NADEAU, DALIANIS, DUGGAN and GALWAY, JJ., concurred.