**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0164, <u>Robin Carbone v. Stephen DePaula</u>, the court on October 9, 2015, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Robin Carbone, appeals an order of the Circuit Court (<u>Spath</u>, J.), in favor of the defendant, Stephen DePaula, on her stalking petition. <u>See</u> RSA 633:3-a (Supp. 2014). She contends that the trial court erred as a matter of law when it found that that the defendant's behavior would not have placed a reasonable person in fear for her personal safety.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. <u>See</u> <u>id</u>.

We emphasize that this order affirming the denial of the stalking petition is without prejudice to the plaintiff's right to seek an equitable restraining order. <u>See</u>, <u>e.g.</u>, <u>State v. Simone</u>, 151 N.H. 328, 331 (2004). We note that violation of an equitable restraining order would subject the defendant to the court's contempt powers, including the power to incarcerate him. <u>See</u> <u>In the Matter of Kosek & Kosek</u>, 151 N.H. 722, 727 (2005).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**