# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0286, <u>Sanjeev Lath & a. v. Scott Sample</u>, the court on January 31, 2017, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, Sanjeev Lath and Barbara Belware, appeal an order of the Superior Court (<u>Ignatius</u>, J.), denying their request for an equitable restraining order against the defendant, Scott Sample. We construe their brief to contend that the trial court erred by: (1) not granting a restraining order or finding "an imminent risk of irreparable harm"; (2) reaching a decision that was inconsistent with its factual findings; (3) not finding that the defendant had been stalking them, <u>see</u> RSA 633:3-a (2016); (4) not issuing a restraining order under RSA chapter 173-B (2014 & Supp. 2016) or RSA 644:4 (Supp. 2016) (governing harassment); (5) considering the defendant's actions toward each plaintiff in isolation; (6) accepting offers of proof when witnesses were not available for cross-examination; and (7) finding in favor of the defendant when he did not present any defenses.

At the outset, the defendant argues, and the transcript confirms, that no exhibits were submitted to the trial court. Accordingly, we have not considered the documents in the plaintiffs' appendices other than the complaint and its attachments. <u>See</u> <u>Sup. Ct. R.</u> 13.

The superior court is a court of general jurisdiction and has authority to entertain actions in equity when there is no adequate remedy at law. <u>State v. Simone</u>, 151 N.H. 328, 331 (2004). Its equitable powers include the power to restrain unwanted contact in the absence of an adequate remedy at law. <u>See id</u>. Injunctive relief is one of the peculiar and extraordinary powers of equity, to be exercised only when warranted by imminent danger of great and irreparable damage. <u>N.H. Donuts, Inc. v. Skipitaris</u>, 129 N.H. 774, 779 (1987). The propriety of awarding equitable relief rests in the sound discretion of the trial court to be exercised according to the circumstances and exigencies of the case. <u>Chase v. Ameriquest Mortgage Co.</u>, 155 N.H. 19, 24 (2007).

We will uphold a trial court's equitable order unless it constitutes an unsustainable exercise of discretion. <u>Id</u>. When we determine whether a ruling made by a judge is a proper exercise of judicial discretion, we are really deciding whether the record establishes an objective basis sufficient to sustain the

discretionary judgment made.  State v. Lambert, 147 N.H. 295, 296 (2001).  The trial judge was in the best position to evaluate the evidence, measure its persuasiveness, and assess the credibility of the witnesses.  Town of Atkinson v. Malborn Realty Trust, 164 N.H. 62, 66 (2012).  We defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence.  Id. at 66-67.  As the fact finder, the trial court was entitled to accept or reject, in whole or in part, the testimony of any witness or party, and was not required to believe even uncontroverted evidence.  Id. at 67.

We first address whether the trial court erred in finding that the plaintiffs failed to show that there was an imminent danger of irreparable damage if the restraining order was not issued.  The trial court found that "[t]he plaintiffs described verbal harassment, crude language and intimidating gestures directed toward them from the defendant" and that "[t]he defendant . . . describes aggravating behavior by the plaintiffs."  These findings are supported by the record and do not show an imminent danger of irreparable harm.  To the extent that the plaintiffs argue that their evidence compelled the trial court to find such a danger, we disagree.  Accordingly, we conclude that the trial court acted within its discretion in denying the restraining order.  See Chase, 155 N.H. at 24.

The plaintiffs argue that the denial of the restraining order was inconsistent with the trial court's finding that the defendant "has been verbally abusive to the plaintiffs and at times has 'bullied' them."  However, they do not cite, nor are we aware of, any authority that this finding compelled a finding that there was an imminent danger of irreparable harm.

We next address whether the trial court erred in not finding that the defendant had stalked the plaintiffs.  See RSA 633:3-a.  The plaintiffs' complaint did not reference RSA 633:3-a or stalking.  Instead, it stated that it was filed under Superior Court Civil Rule 48 and that the plaintiffs would suffer irreparable harm in the absence of a restraining order.  At the hearing, the trial court stated that "things don't rise to the level of a restraining order because it's hard to see what the eminent [sic] threat of irreparable harm is."  It then gave both plaintiffs the opportunity to respond; neither argued that they were seeking a stalking order of protection or that the trial court was applying an inapplicable standard.  The plaintiffs did not argue that they were entitled to a restraining order under RSA 633:3-a until they made such an argument in their motion for reconsideration.  Thus, this issue is not preserved.  See Appeal of Morton, 158 N.H. 76, 79 (2008).

Finally, we address the plaintiffs' arguments that the trial court erred by: (1) not issuing a restraining order under RSA chapter 173-B or RSA 644:4; (2) considering the defendant's actions against each plaintiff in isolation; (3) accepting the defendant's offer of proof when his witnesses were not available; and (4) finding for the defendant when he did not present any defenses.  The

appellant has the burden to provide this court with a record sufficient to demonstrate that the issues on appeal have been raised before the trial court. <u>Malborn Realty</u>, 164 N.H. at 69.  This rule is not relaxed for self-represented parties.  <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).  The record before us does not show that the plaintiffs raised these issues to the trial court.  Accordingly, they are not preserved.

To the extent that the plaintiffs' brief raises additional arguments, they are either not sufficiently developed, <u>see</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, <u>see</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**