# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0334, <u>Brittany O'Neil v. Andrew C. Wiesner</u>, the court on June 18, 2021, issued the following order:**

Having considered the briefs of the parties and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Andrew C. Wiesner, appeals an order of the Superior Court (<u>Howard</u>, J.) granting a restraining order to the plaintiff, Brittany O'Neil, following a telephonic final hearing. We vacate and remand.

The trial court could have found the following facts. The parties are neighbors. In May 2020, the plaintiff sought "an Emergency Civil Restraining Order" against the defendant on the grounds that he had been "harassing" her since 2018. The plaintiff alleged that the defendant posted an ad on Craigslist, and sent email messages to city officials and to the plaintiff's landlord, accusing her of being a member of a motorcycle gang and engaging in criminal activity. The plaintiff alleged that the defendant's actions had negatively impacted her emotional health and had jeopardized her livelihood. The plaintiff also alleged that the defendant's conduct "forced" her "to put cameras around [her] property," and caused her to fear for the safety of her dogs. Although the plaintiff requested <u>ex parte</u> relief, the trial court denied her request, and set the matter for a hearing.

Following the hearing, the trial court found that the defendant "has engaged in harassing behavior toward [the plaintiff]" and "has made public statements that appear false and defamatory toward [her]." The court stated that, in the "exercise[] [of] its discretionary equitable authority," it ordered that the defendant shall: (1) refrain from contacting the plaintiff "either in person, through a third party, or by any electronic or digital means, including social media"; (2) "not harass, threaten or intimidate [the plaintiff] or her family members or residents of her household"; (3) "not come within 100 feet of [the plaintiff], except as may be necessary to enter, occupy, and leave his premises"; and (4) "not publish any false or defamatory statement about [the plaintiff] on any social media platform or any other form of publication."

The restraining order in this case was issued under the trial court's general equitable authority. <u>See</u> <u>State v. Simone</u>, 151 N.H. 328, 331 (2004); <u>see also</u> <u>In the Matter of Salesky & Salesky</u>, 157 N.H. 698, 702 (2008) (explaining that the interpretation of a trial court order presents a question of

law for our de novo review).  The defendant contends that the trial court's order was "outside the scope" of that authority because the court failed to find that the plaintiff lacked a remedy at law and that there was an imminent danger of irreparable harm.

Although the superior court is a court of general jurisdiction and possesses equitable powers that include the power to restrain unwanted contact, see Simone, 151 N.H. at 328-29, 331, it may exercise those powers only when "there is not a plain, adequate and complete remedy at law."  RSA 498:1 (2010); see Gutbier v. Hannaford Bros. Co., 150 N.H. 540, 542-43 (2004); see also Univ. Sys. of N.H. Bd. of Trs. v. Dorfsman, 168 N.H. 450, 454 (2015) ("The superior court is a court of general jurisdiction and has authority to entertain actions in equity where there is no adequate remedy at law." (quotation omitted)).  Moreover, injunctive relief "is one of the peculiar and extraordinary powers of equity normally to be exercised only when warranted by imminent danger of great and irreparable harm."  N.H. Donuts, Inc. v. Skipitaris, 129 N.H. 774, 779 (1987) (citation and quotations omitted).  In cases involving an injunction aimed at speech, a "substantially higher" standard applies.  Mortgage Specialists v. Implode-Explode Heavy Indus., 160 N.H. 227, 240 (2010) (quotation omitted).  In such cases, "the trial court must consider whether publication threatens an interest more fundamental than the First Amendment itself."  Id. (quotation and brackets omitted).

We cannot discern from the trial court's order whether it engaged in the required analysis before invoking its equitable jurisdiction.  Moreover, to the extent that it did engage in that analysis, the trial court's order contains insufficient findings and rulings for meaningful appellate review.  Under these circumstances, we vacate and remand to the trial court for it to analyze and make findings and rulings about whether the plaintiff lacked "a plain, adequate and complete remedy at law," RSA 498:1, and whether issuing the restraining order was warranted because there was "immediate danger of irreparable harm," ATV Watch v. N.H. Dep't of Resources & Econ. Dev., 155 N.H. 434, 437 (2007) (quotation omitted).  We need not address the defendant's contentions regarding the stalking statute because the trial court did not purport to issue a civil stalking order.  See RSA 633:3-a, III-a (2016) (allowing a stalking victim to "seek relief by filing a civil petition in the district court in the district where the plaintiff or defendant resides").  In light of our decision to vacate the restraining order in this case, we decline to address the defendant's assertions that it was "vague and overbroad" and "unconstitutionally infringe[d] on his freedom of speech."

We next briefly address the defendant's argument that the trial court erred by admitting inadmissible hearsay evidence.  The defendant made two hearsay objections at the hearing.  He first objected on hearsay grounds to the plaintiff's testimony that her landlord told her that the defendant had harassed previous tenants.  He again raised a hearsay objection to the testimony of the

2

plaintiff's mother.  The trial court overruled the defendant's first hearsay objection and took the second objection under advisement.  For the reasons that follow, we uphold the trial court's decision to overrule the defendant's first hearsay objection.  Because we cannot discern how the trial court ruled on the second hearsay objection, we instruct the trial court on remand to set forth its ruling.

We review a trial court's decisions as to the admissibility of evidence under our unsustainable exercise of discretion standard.  McLaughlin v. Fisher Eng'g, 150 N.H. 195, 197 (2003).  Under that standard, "[o]ur task is not to determine whether we would have found differently," but only "to determine whether a reasonable person could have reached the same decision as the trial court on the basis of the evidence before it."  Benoit v. Cerasaro, 169 N.H. 10, 21 (2016) (quotations omitted).  We will not disturb the court's ruling unless the appealing party establishes that it is clearly untenable or unreasonable to the prejudice of its case.  McLaughlin, 150 N.H. at 197.

Hearsay is a statement that "the declarant does not make while testifying at the current trial or hearing" and that "a party offers in evidence to prove the truth of the matter asserted in the statement."  N.H. R. Ev. 801(c).  Here, the trial court reasonably could have concluded that the plaintiff's testimony regarding the landlord's out-of-court statement was admissible for a non-hearsay purpose — to show the effect that the statement had on the plaintiff.  "A statement that is not offered to prove the truth of the matter asserted but to show its effect on the witness is not hearsay."  State v. Reinholz, 169 N.H. 22, 29 (2016); see State v. Hayward, 166 N.H. 575, 581 (2014) (explaining that evidence of out-of-court statements "offered merely to provide a foundation for the reasonableness of the defendant's fear at the time of the robbery" did not constitute hearsay).  Accordingly, because the plaintiff's testimony about the landlord's statement was admissible for a non-hearsay purpose, we cannot conclude that the trial court unsustainably exercised its discretion by admitting it.

Finally, the defendant argues that the trial court "accepted documents from [the plaintiff] without foundation or authentication," and that "the admission of statements that were allegedly made to [the plaintiff] and her mother violated [his] constitutional right to confront the witnesses against him."  It is the burden of the appealing party, here the defendant, to provide us with a record demonstrating that he preserved his appellate issues for our review.  Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004).  In general, a party must make a specific and contemporaneous objection during trial to preserve an issue for appellate review.  Broughton v. Proulx, 152 N.H. 549, 552 (2005).  This requirement affords the trial court an opportunity to correct any error it may have made and is grounded in common sense and judicial economy.  Id.

3

Here, the appellate record fails to demonstrate that the defendant raised these arguments in the trial court. Therefore, we decline to address them.

Vacated and remanded.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**