NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-southern judicial district
No. 2016-0006

THE STATE OF NEW HAMPSHIRE

v.

ERNESTO RIVERA

Argued: April 14, 2022
Opinion Issued: November 3, 2022

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Elizabeth C. Woodcock, senior assistant attorney general, on the brief and orally), for the State.

Christopher M. Johnson, chief appellate defender, of Concord, on the brief and orally, for the defendant.

BASSETT, J. The defendant, Ernesto Rivera, appeals his convictions, following a jury trial, on one count of possession of cocaine, RSA 318-B:2, I (2017), one count of criminal threatening, RSA 631:4, I (2016), and five misdemeanor counts of domestic-violence-related simple assault, RSA 631:2-a (2016); RSA 173-B:1 (Supp. 2013) (amended 2014). He argues that the Trial Court (Temple, J.) erred when it denied his pre-trial motion to sever the drug charge from the other charges. We affirm.

The record supports the following facts.  In July 2013, the defendant assaulted his girlfriend at a restaurant.  He slapped her in the face four times, grabbed the back of her neck, and pushed her against a window while threatening her.  Police responded to the scene, arrested the defendant, and transported him to the police station.  During an inventory search of the defendant, officers discovered cocaine.  The State then charged the defendant with one count of possession of cocaine with intent to sell, one count of criminal threatening, and five misdemeanor counts of domestic-violence-related simple assault.

In April 2014, the defendant moved to sever the drug offense from the other charges, and the State objected.  Following a hearing, the court denied the defendant's request to sever the drug offense from the other charges under Superior Court Rule 97-A, the joinder rule then in effect.  See Super. Ct. R. 97-A, superseded by N.H. R. Crim. P. 20.  Rule 97-A provided, in relevant part:

> (A) Related Offenses.  Two or more offenses are related if they:
> (i) are alleged to have <u>occurred during a single criminal episode</u>; or
> (ii) constitute parts of a common scheme or plan; or
> (iii) are alleged to have occurred during separate criminal episodes, but nonetheless, are logically and factually connected in a manner that does not solely demonstrate that the accused has a propensity to engage in criminal conduct.
> (B) Joinder of Related Offenses for Trial.  If a defendant is charged with two or more related offenses, either party may move for joinder of such charges.  The trial judge shall join the charges for trial unless the trial judge determines that joinder is not in the best interests of justice.

Super. Ct. R. 97-A(I)(A)-(B) (emphasis added).  The trial court concluded that all of the offenses arose "out of a single criminal episode" because the drugs were discovered on the defendant during an inventory search immediately following his arrest for the other offenses.  It therefore ruled that all of the offenses should be joined for trial.

Following a two-day trial in December 2015, the jury convicted the defendant of the criminal threatening and domestic-violence-related simple assault charges.  It found him not guilty of possession with intent to sell but guilty of the lesser-included offense of possession of a narcotic drug.  This appeal followed.

At the outset, we observe that the relevant language of the joinder rule in effect at the relevant time, Superior Court Rule 97-A, is identical to the corresponding provisions of the current rule, New Hampshire Rule of Criminal Procedure 20.  Compare Super. Ct. R. 97-A(I)(A)-(B), with N.H. R. Crim. P.

20(a)(1)-(2). Because both rules use the same language, we will refer to and rely upon the current rule, Rule 20, for the remainder of this opinion.

Rule 20 distinguishes between charges that are related and unrelated. See N.H. R. Crim. P. 20(a); State v. Brown, 159 N.H. 544, 548 (2009). When a party moves to join related charges, the trial court must join them unless it "determines that joinder is not in the best interests of justice." N.H. R. Crim. P. 20(a)(2). Accordingly, our review of permissive joinder of offenses involves two steps. First, we must determine whether the trial court erred in concluding that the offenses are related. See N.H. R. Crim. P. 20(a)(1)-(2). If the court properly found the offenses related, we then consider whether it nevertheless erred in joining the offenses for trial because their joinder was not in the best interests of justice. See N.H. R. Crim. P. 20(a)(2); Brown, 159 N.H. at 554.

With respect to the scope of our review of the record on these issues, the defendant acknowledged at oral argument that it makes no difference in this particular case whether we review only the pre-trial information provided to the trial court or the trial evidence because both provide the same factual context. We therefore need not decide here whether appellate review of this two-part analysis must be confined to the information presented to the trial court prior to its ruling. Cf. State v. McIntyre, 151 N.H. 465, 470 (2004) (Broderick, C.J., concurring in part and dissenting in part) (suggesting that appellate review of joinder decision should be confined to evidence provided to motion judge); State v. Glodgett, 144 N.H. 687, 694 (2000) (explaining why we confine our review of pre-trial evidentiary rulings to the pre-trial record).

The defendant first argues that the trial court erred when it denied his motion to sever and joined the drug offense with the other offenses based on its determination that all the offenses are "related" as part of a "single criminal episode." He asserts that we have not previously "define[d] the boundaries" of the "single criminal episode" variant of "relatedness," and, therefore, we should look to the meaning of "single criminal episode" in other contexts. In reliance on our use of that phrase in other contexts, he asserts that we should construe it to mean that the offenses are temporally connected and "directed at the accomplishment of a single criminal objective." We disagree and instead look to the plain language of Rule 20 to discern the meaning of this phrase.

We ordinarily review a trial court's decision to join or sever charges for an unsustainable exercise of discretion. See State v. Girard, 173 N.H. 619, 623 (2020). However, because the defendant's argument concerning whether the offenses are "related" requires us to interpret a court rule and then apply that rule to specific facts, our review is de novo. State v. Simone, 151 N.H. 328, 330 (2004) ("Because this appeal presents both a question of law and a mixed question of law and fact, our standard of review is de novo.").

We have not yet had occasion to define "single criminal episode" under Rule 20(a)(1). We have once before applied the "single criminal episode" variant of "relatedness" in State v. Abram, 153 N.H. 619 (2006), albeit under our prior common law joinder rule. Abram, 153 N.H. at 623-24, 626. In that case, we concluded that the defendant's sexual assault and endangerment of a young boy and girl and his subsequent sexual assault of the girl on that same day were all part of a "single criminal episode." Id. at 626. However, we reached this conclusion without explication and its basis is therefore unclear. See id. Accordingly, we can glean from Abram neither an express nor an implied meaning of "single criminal episode."

Notwithstanding the dearth of joinder case law on this issue, we decline the defendant's invitation to look to the use of this phrase in other contexts. Although we acknowledge that we have previously invoked non-joinder case law to define the "common plan" variant of "relatedness," we did so in the context of the common law joinder rule in effect at the time. See McIntyre, 151 N.H. at 466-67. Because Rule 20(a) now governs the joinder of offenses, we deem the authority the defendant relies upon inapposite and, instead, turn to interpreting the plain language of Rule 20 itself.

When interpreting a court rule, as with a rule of evidence or a statute, we will first look to the plain meaning of the words used and ascribe to them their plain and ordinary meaning where possible. See State v. Munroe, 173 N.H. 469, 472 (2020). We will not consider words and phrases in isolation, but, rather, within the context of the rule as a whole. Cf. State v. Moore, 173 N.H. 386, 390-91 (2020) (interpreting a statute).

As used here, "single" means "consisting of a whole : UNBROKEN, UNDIVIDED." Webster's Third New International Dictionary 2123 (unabridged ed. 2002). "Episode" means "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series." Id. at 765. Accordingly, we construe "single criminal episode" as used in Rule 20(a)(1)(A) to mean an uninterrupted criminal occurrence or series of occurrences that are connected in some way. This definition has two components: a temporal limitation imposed by the word "single" — that the episode be "undivided" or continuous — and a "connected" element, which requires that a series of occurrences be connected in some way in addition to their temporal relationship. This "connected" component could be met in a variety of ways — spatial, causal, logical, common objective, or otherwise. In short, for multiple offenses to be considered part of a "single criminal episode," they must: (1) have a close temporal relationship; and (2) be connected in some other way.[1]

---

[1] We observe that it is beyond the scope of this opinion whether the phrase "same criminal episode" as applied in the compulsory joinder context, N.H. R. Crim. P. 20(a)(4), requires the same analysis as "single criminal episode" in New Hampshire Rule of Criminal Procedure 20(a)(1)(A).

4

This inclusive interpretation of "single criminal episode" is consistent with the purpose of consolidating related offenses, which is to "achieve efficiency and economy for both the government and the defendant." Brown, 159 N.H. at 554. Moreover, we do not think this language requires a strict construction because the trial court's discretion under the "best interests of justice" inquiry provides an adequate means to protect defendants from prejudicial joinder. N.H. R. Crim. P. 20(a)(2); see Williams v. United States, 416 F.2d 1064, 1069 (8th Cir. 1969) (observing that federal rule governing joinder of defendants "need not be construed with undue strictness" because the severance rule provides adequate protection against prejudice). In other words, Rule 20's "best interests of justice" inquiry provides a safety valve to prevent prejudicial joinder when multiple offenses satisfy the more inclusive "relatedness" requirement. See N.H. R. Crim. P. 20(a)(2); United States v. Thomas, 61 F. Supp. 3d 1221, 1226 (D.N.M. 2014) (describing federal severance rule as providing "a safety valve for the highly technical and inclusive analysis" under federal joinder rule).

The defendant contends that this scheme is ill-suited for application to possessory crimes because, being relatively passive and continuous, they often co-occur with other offenses. We disagree. The two-step analysis outlined above is adequate to protect against prejudicial joinder of possessory crimes with other offenses. Cf. United States v. Sturm, Criminal No. 06-CR-00342-LTB, 2007 WL 601976, at *4 (D. Colo. Feb. 22, 2007) (severing charge of child pornography from offense of felon in possession of a firearm due, in part, to the "particularly detestable and inflammatory" nature of the first charge). In other words, our interpretation of "single criminal episode" is adequately tempered by the trial court's discretion to sever charges in the "best interests of justice" — even in cases involving possessory crimes.

We now apply our construction of "single criminal episode" to the facts of this case. Here, the defendant possessed the cocaine on his person at the same time that he assaulted and threatened the victim. The criminal conduct underlying all the offenses therefore occurred at the same time and place. Accordingly, we conclude that the trial court did not err when it determined that all of the July 21, 2013 offenses "occurred during a single criminal episode" and were therefore "related." Other courts have affirmed the joinder of offenses under the same or similar circumstances when applying analogous joinder rules. See State v. Mondesir, 891 A.2d 856, 860, 864 (R.I. 2006) (affirming joinder of assault and drug possession offenses as part of the "same transaction" when the only connection between them was that the police found the drugs during a search of defendant's person following his arrest for assault (quotation omitted)); Joyner v. United States, 540 A.2d 457, 458-59 (D.C. 1988) (affirming joinder of drug possession charge with assault charge as part of the "same act or transaction" when, after defendant was arrested for assault, police found drugs during search of nearby area (quotation omitted)).

5

The defendant also argues that, even if the offenses were "related," the trial court's ruling was erroneous because joinder was not in the best interests of justice. See N.H. R. Crim. P. 20(a)(2). The trial court's "best interests of justice" determination is subject to our unsustainable exercise of discretion standard of review. Brown, 159 N.H. at 555. To prevail, the defendant must demonstrate that "the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case." Id. (quotation omitted).

Under this "best interests of justice" standard, "charges should be tried separately whenever it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence" — in essence, "when conducting a single trial would jeopardize [the] defendant's right to a fair trial." Id. at 555, 556 (quotation omitted). In making a "best interests of justice" determination, trial courts must evaluate "whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently to each offense." Id. at 555 (quotation omitted). The "best interests of justice" inquiry may also involve consideration of other factors, including whether: some charges are likely to unusually inflame the jury against the defendant; the evidence in support of some offenses is weak while the proof of others is strong; the defendant's available defenses for different crimes are inconsistent; or the defendant wishes to testify as to one offense but not as to others. Id. at 555-56.

Here, the trial court reasonably found that the jury would be able to "distinguish the evidence and apply the law intelligently to each offense." Id. at 555 (quotation omitted). The facts underlying each offense demonstrated that, although temporally and spatially connected, the evidence supporting each crime would be distinct. And because the law applicable to the drug offense is sufficiently different from the law governing the other offenses, the jury was unlikely to confuse the charges. In short, the nature of the charges and the evidence supporting them was not so complex that the jury was likely to confuse the charges or be unable to consider them separately. See Bean v. Calderon, 163 F.3d 1073, 1085 (9th Cir. 1998) ("[P]rejudice generally does not arise from joinder when the evidence of each crime is simple and distinct, even in the absence of cross-admissibility."). Additionally, it was reasonable for the court to conclude that neither the drug charge nor the domestic-violence-related charges were unusually inflammatory as compared to one another. Cf. Howerton v. United States, 964 A.2d 1282, 1292 (D.C. 2009) (rejecting defendant's argument that joinder of drug charge and domestic-violence-related assault created extreme risk of prejudice). Accordingly, we conclude that the trial court's determination that "the best interests of justice" did not preclude joinder was neither untenable nor unreasonable. See Brown, 159 N.H. at 555.

In sum, we conclude that the trial court did not err when it ruled that the drug offense was "related" to the other offenses. Nor did it unsustainably exercise its discretion when it determined that joinder would not offend the best interests of justice. Any issues raised in the defendant's notice of appeal that were not briefed are deemed waived. See State v. Stanin, 170 N.H. 644, 652 (2018).

Affirmed.

HICKS, HANTZ MARCONI, and DONOVAN, JJ., concurred.