## THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2023-0342, <u>Amir Mirza & a. v. Robert Cheney & a.</u>, the court on June 13, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendants appeal an equitable restraining order issued by the Superior Court (<u>Temple</u>, J.) following a hearing, restraining the parties from having contact with each other. <u>See</u> RSA 498:1 (2010). We construe the defendants' brief to argue that the evidence was insufficient to support the court's order. We affirm.

"The superior court is a court of general jurisdiction and has authority to entertain actions in equity when there is no adequate remedy at law." <u>State v. Simone</u>, 151 N.H. 328, 331 (2004). Its equitable powers include the power to restrain unwanted contact in the absence of an adequate remedy at law. <u>See id</u>. "The propriety of awarding equitable relief rests in the sound discretion of the trial court to be exercised according to the circumstances and exigencies of the case." <u>Chase v. Ameriquest Mortgage Co.</u>, 155 N.H. 19, 24 (2007).

"We will uphold a trial court's equitable order unless it constitutes an unsustainable exercise of discretion." <u>Id</u>. "When we determine whether a ruling made by a judge is a proper exercise of judicial discretion, we are really deciding whether the record establishes an objective basis sufficient to sustain the discretionary judgment made." <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001). To show that the trial court's decision is not sustainable, the appealing party must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>Id</u>.; <u>see also</u> <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014) (holding that the appealing party bears the burden of demonstrating reversible error).

Here, the defendants have failed to carry that burden. Based upon our review of the record, the evidence supports the trial court's discretionary decision to grant an equitable restraining order in this case. To the extent the defendants contend that the trial court erred by crediting the plaintiffs' testimony, or by affording insufficient weight to their proffered exhibits — which, we note, were accepted into evidence — we disagree. "[T]he trial judge was in the best position to evaluate the evidence, measure its persuasiveness and assess the credibility of the witnesses." <u>Town of Atkinson v. Malborn Realty Trust</u>, 164 N.H. 62, 66 (2012) (quotation omitted). "We defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses,

and determining the weight to be given evidence." Id. at 66-67. "As the fact finder, the trial court was entitled to accept or reject, in whole or in part, the testimony of any witness or party, and was not required to believe even uncontroverted evidence." Id. at 67. Lastly, to the extent the defendants argue that the trial court erred by dismissing a particular witness, we note that the defendants failed to preserve this issue for appellate review as they did not object when they had the opportunity at the time the trial court allowed the witness to leave. See State v. Blackmer, 149 N.H. 47, 48 (2003) (observing that "we will not review any issue that the defendant did not raise before the trial court," and that "[t]he general rule in this jurisdiction is that a contemporaneous and specific objection is required to preserve an issue for appellate review" (quotation omitted)).

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**